Opinion issued November 4, 2014



In The

# Court of Appeals

For The

# First District of Texas

————————

NO. 01-14-00130-CR
NO. 01-14-00131-CR
NO. 01-14-00132-CR

———————

**ANTHONY EARL FOREMAN, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 56th District Court**
**Galveston County, Texas**
**Trial Court Cause Nos. 09CR0463, 09CR0532 and 09CR1892**

---

## MEMORANDUM OPINION

Appellant, Anthony Earl Foreman, Jr., pleaded guilty to two offenses of possession of a controlled substance and one offense of assault on a public servant. The trial court judge deferred adjudication and appellant was placed on community

supervision for 4 years. Following a hearing on State's Petition for Revocation of Probated Sentence on alleged violations of probation, the trial court revoked appellant's probation and sentenced him to 2 years State Jail for each possession case, trial court cause numbers 09CR0532 and 09CR1892, and 10 years in prison for the third degree assault on a public servant, trial court cause number 09CR0463.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and therefore the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and that she is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has informed us that she has delivered a copy of the brief to appellant and informed him of his right to examine the appellate record and to file a

response. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Appellant has not filed a response.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel— determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (explaining that frivolity is determined by considering whether there are "arguable grounds" for review); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (reviewing court must determine whether arguable grounds for review exist); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We note that the trial court's judgment in trial court cause number 09CR0643 includes $1,045.00 in attorney's fees. The record shows, however, that the trial court found appellant to be indigent and appointed trial and appellate counsel based on appellant's indigence.

A trial court has the authority to order a defendant to repay fees for legal services provided, if the court determines that a defendant has financial resources enabling him to offset, in part or in whole, the costs of the legal services provided. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2012). However, "[a] defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2012).

Here, the record does not reflect that the trial court reconsidered its determination of indigency, that a material change in appellant's financial circumstances occurred, or that the trial court made a finding regarding appellant's ability to pay attorney's fees. *See Mayer v. State*, 309 S.W.3d 552, 556–57 (Tex. Crim. App. 2010*)*; *Navarro v. State*, No. 01-12-00415-CR, 2013 WL 2456799, at *2 (Tex. App.—Houston [1st Dist.] June 6, 2013, no pet.); *Norris v. State*, No. 03-13-00059-CR, 2013 WL 3724780, at *1 (Tex. App.—Austin July 10, 2013, no pet.). Thus, the record does not support an assessment of attorney's fees.

Accordingly, we modify the trial court's judgment in cause number 09CR0463 to delete the entry of $1045.00 in appointed attorney's fees.

We affirm the judgment of the trial court as modified in cause number 09CR0463. We also affirm the judgment of the trial court in cause numbers 09CR0532 and 09CR1892 and grant counsel's motion to withdraw.[1] Attorney Winifred Weber must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Justices Massengale, Brown, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).